**NOT RECOMMENDED FOR PUBLICATION**
File Name: 18a0144n.06

No. 17-3512

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Mar 19, 2018
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| BRIAN PRESTON, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE SOUTHERN |
| | ) | DISTRICT OF OHIO |
| GREAT LAKES SPECIALTY FINANCE, INC., dba | ) | |
| Axcess Financial; JOHN DOES, | ) | OPINION |
| | ) | |
| Defendants-Appellees. | ) | |

**BEFORE: COLE, Chief Judge; WHITE and BUSH, Circuit Judges.**

**JOHN K. BUSH, Circuit Judge.** Plaintiff Brian Preston appeals the district court's grant of summary judgment in favor of Defendant Great Lakes Specialty Finance, Inc. ("Great Lakes"), against plaintiff in his suit for failure to accommodate and disability discrimination under the Americans with Disabilities Act ("ADA"). Because Preston cannot show that he was otherwise qualified for the position that he held with Great Lakes, we affirm.

**I**

The facts pertinent to this appeal are as follows. On May 31, 2012, Great Lakes hired Preston as a senior financial analyst. Over the next four months, Preston had repeated difficulties meeting the deadlines imposed by his supervisor. He attributed these delays both to issues with the assignments (e.g., large datasets, limitations inherent in a spreadsheet program, and the like) and to a sensitivity to light that made work in his cubicle difficult.

On September 28, 2012, Preston informed Great Lakes that he had been diagnosed with Autism Spectrum Disorder, which causes him to have heightened sensory sensitivities to visual and audio stimuli in his surrounding environment. During an ongoing period in which the parties discussed methods of ameliorating Preston's difficulties, he continued to miss deadlines. On November 1, 2012, Great Lakes agreed to allow Preston to work from home between Tuesday and Friday every week, starting on November 5, 2012.

On November 5, 2012, the day that Preston began to work from home, he was assigned a new project, the Ohio Title Project, which was due on November 13, although the deadline was later extended to November 26.[1] Preston, complaining that he required additional market analysis to complete the project and that the manner in which he was asked to complete the project violated "accepted convention in the field of finance," had not completed the project by December 7. On December 7, Preston told Great Lakes that he would have the project completed by December 8, but he was fired later that day.

Preston filed a complaint against Great Lakes on February 13, 2015, alleging a failure to accommodate and disability discrimination in violation of the ADA.

On April 18, 2017, the district court granted Great Lakes' motion for summary judgment, holding as a matter of law that Preston was unqualified for the senior analyst position with or without a reasonable accommodation and that the accommodation provided to Preston by Great Lakes was reasonable, as well as that Preston had failed to show any direct evidence of discrimination on the part of the defendant.

---

[1] Initially, the Ohio Title Project was due on November 12, but the deadline was extended by one day because Preston was told to prioritize another project. Because this initial one-day extension was unrelated to Preston's difficulties with the Ohio Title Project, we treat November 13 as the original deadline.

2

**II**

Summary judgment is appropriate only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," Fed. R. Civ. P. (56)(a). In evaluating a motion for summary judgment, the district court must "assess the factual evidence and draw all reasonable inferences in favor of the non-moving party." *Walton v. Hammons*, 192 F.3d 590, 592 (6th Cir. 1999). When reviewing the district court's grant of summary judgment, we review the district court's factual findings for clear error and its legal conclusions de novo. *Howard v. City of Beavercreek*, 276 F.3d 802, 805 (6th Cir. 2002).

To survive summary judgment, Preston was required to point to evidence sufficient for a reasonable jury to find that he was "otherwise qualified to perform the essential functions of the position, with or without reasonable accommodation," either to show that Great Lakes had failed to provide a reasonable accommodation, *Green v. Bakemark USA, LLC*, 683 F. App'x 486, 491 (6th Cir. 2017) (citation omitted), or to show that Great Lakes had discriminated against him on the basis of his disability, *Ferrari v. Ford Motor Co.*, 826 F.3d 885, 891 (6th Cir. 2016). To prove that he is "otherwise qualified" for the position, an employee bears the burden of demonstrating that he "can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C § 12111(8). "If the employer claims [ ] that the disabled individual would be unqualified to perform the essential functions of the job even with the proposed accommodation, the disabled individual must prove that he or she would in fact be qualified for the job if the employer were to adopt the proposed accommodation." *Johnson v. Cleveland City Sch. Dist.*, 443 F. App'x 974, 982–83 (6th Cir. 2011) (alteration in original) (quoting *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1184 (6th Cir. 1996)).

Preston's argument that he was otherwise qualified for the senior-financial-analyst position comes down to the assertion that because he was never afforded an opportunity to work under his preferred accommodation (telecommuting five days a week, as opposed to four), there is a genuine issue of material fact as to whether, if he had been afforded his preferred accommodation, he would have been able to perform the essential functions of his job. Preston argues that, by being forced to come into the office one day a week, he "was in essence forced to work at 80% capacity in this work week" and that if he had been allowed to work at 100% capacity, he would have been able to perform the essential functions of his job.

The district court correctly rejected Preston's argument. A closer look at the calendar shows why, based on the evidence of record, Preston cannot show a genuine issue of material fact as to his ability to perform the essential functions of his job with an extra day per week of telecommuting. Preston was assigned to the Ohio Title Project on Monday, November 5, 2012. Allowing Preston the reasonable inference that he had until November 26 (his extended deadline, rather than November 13, his original deadline), that meant that Preston had fifteen working days to work on the project, including the day of assignment and its due date but excluding weekends and Thanksgiving. With Preston's preferred accommodation, all fifteen of those days would have been telecommuting days. But even without his preferred accommodation, Preston still had *nineteen telecommuting days* (again, counting only Tuesdays through Fridays, excluding Thanksgiving) to work on the project before his employment was terminated, at which time the project still remained incomplete. In short, however we count calendar days or make inferences, Preston cannot show a genuine issue of material fact as to his ability to perform his job functions with an extra day of telecommuting each week.

Because Preston does not allege, let alone offer proof, that there were any disability-related impediments to his work during his telecommuting days, or that completing tasks within assigned deadlines was not an essential function of the senior-financial-analyst position, or that the deadline for the Ohio Title Project was ginned up as a pretext for terminating his employment, the evidence before the district court amply supported its determination that Preston was not otherwise qualified for his position.

## III

For the above reasons, the decision of the district court is **AFFIRMED**.